FILED by _CHL_ D.C.

JAN 2 3 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Maria Ramirez De Rivas
7143 SW 152 CT
Miami, FL 33193
Phone: (813) 403-2403

Defendant, In Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| G.P Property Rental,<br>~~Plaintiff,~~ DEFENDAT<br>vs.<br>Maria Ramirez De Rivas,<br>~~Defendant~~ PLAINTIFF | CASE # CIVIL RIGHT ACTION<br>~~NOTICE OF REMOVAL~~<br>~~[28 USC 1441, 1446 (d)]~~ (M.R.)<br>~~Calif. CCP 430.90]~~<br>~~FROM THE DADE COUNTY SUPERIOR~~<br>~~COURT, CASE # 13-272-CC26~~ |

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendants Maria Ramirez De Rivas, and Plaintiff G.P Property Rental are those parties in a Florida State Court filed in the Dade County Superior Court, located within Dade County, California, concerning real property located at 7143 SW 152 Court, Miami FL 33193 [hereafter "premises"], within this court's jurisdiction.

- 1

2. Defendant Maria Ramirez De Rivas is the former tenant of the premises, and participants in this litigation.

3. Whereas this action was filed in Florida State Court only against the former tenant of the premises, Claimant Maria is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 et seq. and Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [Florida Lime & Growers, Inc v. Paul, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [Bank of America V. Hirsch Merc. Co. (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a)(2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit.

Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009); Empire Healthcare Assurance v. McVeigh 547 US 677, 689-690 (2006); Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal. 463 US 1,

12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior Court Court, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. Grable & Sons Metal Prods v. Darue Eng.r & Mfg. 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. Merrill Dow Pharms. Inv v. Thompson 478 US 804, 817 (1986). It can be either express or implicit. Diaz v. Davis 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. Lamie v. United States Trustee 540 US 526, 534 (2004). The Court must assume that Congress did not intend

- 4

to create a right without a remedy. First Pacific Bancorp, Inc v. Helfer, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. The four criteria of Cort V. Ash 422 US 66 (1975) are satisfied

a. Defendant Susan Garcia is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by

i. The language of the PTFA, particularly 702(a),

ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc 500* Fed 3d, 1019, 1024 (9th, 2007)], and

iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly where here, as in Civil Rights legislation, Congress intended to occupy the

filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremecy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

13. A true and correct copy of the State Court Complaint of the action, Claimant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

- 6

17. Defendant, Susan Garcia is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

DATED: January 22, 2013

*[signature]*

Maria Ramirez De Rivas, IN PRO SE

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 5901 WARNER AVE #54 HUNTINGTON BEACH CA 92649

On January 17, 2013 I served the foregoing document(s) described as: NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES to the following parties:

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Huntington Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 17 2013

_____

Eric Garcia

- 8