UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20234-CIV-ALTONAGA/Simonton

**MARIA RAMIREZ DE RIVAS**,

    Plaintiff,
vs.

**G.P. PROPERTY RENTAL**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff, Maria Ramirez De Rivas's Motion to Proceed in Forma Pauperis [ECF No. 3], filed on January 23, 2013. Plaintiff, a *pro se* litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. section 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds Plaintiff's Complaint [ECF No. 1] fails to comply with the Federal Rules of Civil Procedure, and must be dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for

CASE NO. 13-20234-CIV-ALTONAGA

relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's Complaint fails to meet this standard. Plaintiff seems to allege she was a tenant of property owned by another individual, which was subject to foreclosure proceedings resulting in her wrongful eviction. (*See* Compl. ¶ 6). The eviction, asserts Plaintiff, was executed with only three days' notice. (*See id.* ¶ 7). Accordingly, Plaintiff essentially alleges a single violation of the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, sections 701–704, 123 Stat. 1632, 1660–62 (2009). The PTFA provides, in relevant part:

> **SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY**.
>
> (a) IN GENERAL.--In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to--
>
>> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>>
>> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure--
>>
>>> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>>>
>>> (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
>>>
>>> except that nothing under this section shall affect the requirements for termination of any federal– or State-subsidized tenancy or of

2

CASE NO. 13-20234-CIV-ALTONAGA

>any State or local law that provides longer time periods or other additional protections for tenants.
>
>(b) BONA FIDE LEASE OR TENANCY.--For purposes of this section, a lease or tenancy shall be considered bona fide only if--
>
>>(1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;
>>
>>(2) the lease or tenancy was the result of an arms-length transaction; and
>>
>>(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.
>
>(c) DEFINITION.--For purposes of this section, the term "federally-related mortgage loan" has the same meaning as in section 3 of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2602).

§ 702, 123 Stat. at 1660–61.[1]  "Under the [PTFA], certain qualifying residential tenants are entitled to at least 90 days' notice that they must vacate their residences.  Certain other qualifying tenants are entitled to remain in their residences for the remainder of their lease terms."  John R. Higgitt, *Construction and Application of Protecting Tenants at Foreclosure Act of 2009*, 65 A.L.R. Fed. 2d 217 (2012).

The first deficiency in Plaintiff's Complaint is that it does not include sufficient factual matter, accepted as true, to allow the Court to reasonably infer that the Defendant is liable for any violation of the PTFA, or what the facts supporting the claim may be.  Plaintiff fails to allege any of the details of her tenancy, the foreclosure sale, or the purported eviction — including the relevant dates, the individuals and entities involved, or the circumstances surrounding the event.

---

[1] The PTFA was originally set to expire December 31, 2012, *see* § 704, 123 Stat. at 1662; however, Congress renewed the PTFA until December 31, 2014, *see* Protecting Tenants at Foreclosure Extension and Clarification, Pub. L. No. 111-203, § 1484(2), 124 Stat. 1375, 2204 (2010).  As such, the statute is currently in effect.

CASE NO. 13-20234-CIV-ALTONAGA

Specifically, it is unclear whether the foreclosure at issue involves a "federally-related mortgage loan" (PTFA § 702(a)); if the purchaser of the property intends to "occupy the unit as a primary residence" (*id.* § 702(a)(2)(A)); whether Plaintiff held a bona fide lease or tenancy or the terms of that lease/tenancy (*see id.* § 702(b)); when the foreclosure proceedings transpired (*see id.* § 702(a)(1)); and what notice, if any, was given to Plaintiff (*see id.*). As such, the undersigned cannot determine whether the protections of the PTFA apply.[2]

In addition to Plaintiff's failure to state a claim on which relief may be granted, the PTFA does not provide Plaintiff a private cause of action. "[F]ederal Courts have held that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but indeed provides directives to state courts." *Shaikh v. Fannie Mae*, No. 6:10-cv-1032-Orl-28GJK, 2010 WL 3734851, at *2 (M.D. Fla. Aug. 19, 2010) (citation and internal quotation marks omitted) (dismissing complaint and denying motion to proceed in forma pauperis for lack of subject matter jurisdiction over PTFA claims). Consequently, the Court lacks subject matter jurisdiction over whatever Plaintiff's claim may be under the PTFA.

Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails to state a claim for which relief may be granted. Additionally, Plaintiff's Complaint does not properly invoke the Court's subject matter jurisdiction. Accordingly, and under the Court's inherent authority, *see Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (stating that a district court has the inherent authority to require repleading in accordance with Rules 8(a)(2) and 10(b)), it is

---

[2] Plaintiff also cites to multiple provisions of California law in support of her claim. The Court is unsure if or how these provisions might apply to the present matter. The property appears to be located in Florida and has no apparent connection to California.

CASE NO. 13-20234-CIV-ALTONAGA

**ORDERED AND ADJUDGED** that Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED** **without prejudice**, and the Motion to Proceed in Forma Pauperis **[ECF No. 3]** is **DENIED** as moot. The Clerk is directed to mark this case as closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of January, 2013.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: Maria Ramirez De Rivas, *pro se*